IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 19-02131 |
| ) | Chapter 13 |
| NICHOLAS E SQUIRE and SHAINA L ) | |
| SQUIRE | |
| ) | MOTION FOR RELIEF |
| Debtors. ) | FROM AUTOMATIC STAY |
| | WITHOUT CONSENT |

COMES NOW GreenState Credit Union f/k/a University of Iowa Community Credit Union by and through its General Counsel Christopher Pech, pursuant to 11 U.S.C. § 362(d), Bankruptcy Rule 4001(a)(1)), and respectfully states to the Court the following in support of its Motions for Relief from Stay:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 157(b)(2)(G) and 11 U.S.C. Section 362.

**COUNT I**

2. Nicholas E Squire and Shaina L Squire ("Debtors") filed a Petition in this Court under Chapter 13 of the United States Bankruptcy Code on or about September 9, 2019. The Debtors elected to surrender the secured claim, per their Chapter 13 Plan Part 3.5, which is described as a 2017 Dodge Journey.

3. As of September 9, 2019, GreenState Credit Union is the holder of a secured claim against the Property in the principal amount of $21,222.25 together with accrued interest at the rate of 3.990% per annum from and after September by virtue of the Debtor's making of a Iowa Vehicle Retail Installment Contract, Security Agreement, and Disclosure Statement. A copy of the Iowa Vehicle Retail Installment Contract, Security Agreement, and Disclosure Statement attached hereto as Exhibit "A".

4. The GreenState Credit Union does not have and has not been offered adequate protection for its interest in and to the Property. As of September 2019 the Debtor has failed to make monthly installment payments of $393.22 for September 2019 and thereafter, and accruing

interest and costs, is a delinquency which constitutes a default under the terms of the Iowa Vehicle Retail Installment Contract.

5. The Debtor has elected to surrender the vehicle under their Chapter 13 plan. The Debtor has claimed the value of the property is less than the amount due and owing. Without a physical inspection of the vehicle a reasonable estimate valuation using a price guide (NADA) indicates the value of the property to be no more than $12,564.00. GreenState Credit Union asserts that the Property has a value less than the amount of its claim.

6. The Debtor is in arrears on the payments on the indebtedness that have come due since the date of filing. This post petition delinquency constitutes additional cause for relief from the automatic stay under section 362(d)(1).

7. If GreenState Credit Union is prevented from enforcing its interest in the Property, it will suffer irreparable injury, loss and damage.

8. The Order sustaining this Motion should provide that it is effective immediately upon entry and that the fourteen day stay provided for in Bankruptcy Rule 4001(a)(3) shall not apply.

9. The Order sustaining this Motion shall constitute the abandonment of the Property from the Bankruptcy Estate and Movant shall not be obligated to join the Trustee as a defendant in the foreclosure proceeding, if any.

**NOTICE: Any party opposing this motion must timely file and serve an answer at least seven (7) days prior to the date set for the preliminary hearing on the motion.**

10. Debtor executed an Iowa Vehicle Retail Installment Contract secured by a proper lien upon the title of the vehicle. The Iowa Vehicle Retail Installment Contract is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

## COUNT II

11. Additionally, the debtors elected to surrender the secured claim, per their Chapter 13 Plan Part 3.5, which is described as a 2017 Jeep Compass.

12. As of September 9, 2019, GreenState Credit Union is the holder of a secured claim against the Property in the principal amount of $30,454.39 together with accrued interest

at the rate of 6.390% per annum from and after September by virtue of the Debtor's making of a Iowa Vehicle Retail Installment Contract, Security Agreement, and Disclosure Statement. A copy of the Iowa Vehicle Retail Installment Contract, Security Agreement, and Disclosure Statement attached hereto as Exhibit "B".

13. The GreenState Credit Union does not have and has not been offered adequate protection for its interest in and to the Property. As of September 2019 the Debtor has failed to make monthly installment payments of $552.51 for September 2019 and thereafter, and accruing interest and costs, is a delinquency which constitutes a default under the terms of the Iowa Vehicle Retail Installment Contract.

14. The Debtor has elected to surrender the vehicle under their Chapter 13 plan. The Debtor has claimed the value of the property is less than the amount due and owing. Without a physical inspection of the vehicle a reasonable estimate valuation using a price guide (NADA) indicates the value of the property to be no more than $11,343.00. GreenState Credit Union asserts that the Property has a value less than the amount of its claim.

15. The Debtor is in arrears on the payments on the indebtedness that have come due since the date of filing. This post petition delinquency constitutes additional cause for relief from the automatic stay under section 362(d)(1).

16. If GreenState Credit Union is prevented from enforcing its interest in the Property, it will suffer irreparable injury, loss and damage.

17. The Order sustaining this Motion should provide that it is effective immediately upon entry and that the fourteen day stay provided for in Bankruptcy Rule 4001(a)(3) shall not apply.

18. The Order sustaining this Motion shall constitute the abandonment of the Property from the Bankruptcy Estate and Movant shall not be obligated to join the Trustee as a defendant in the foreclosure proceeding, if any.

**NOTICE: Any party opposing this motion must timely file and serve an answer at least seven (7) days prior to the date set for the preliminary hearing on the motion.**

19. Debtor executed an Iowa Vehicle Retail Installment Contract secured by a proper lien upon the title of the vehicle. The Iowa Vehicle Retail Installment Contract is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has

possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

## COUNT III

20. Additionally, the Debtors elected to surrender the secured claim, per their Chapter 13 Plan Part 3.5, which is described as a 2014 Harley Davidson XL883N.

21. As of September 9, 2019, GreenState Credit Union is the holder of a secured claim against the Property in the principal amount of $6,412.99 together with accrued interest at the rate of 5.590% per annum from and after September by virtue of the Debtor's making of a Iowa Vehicle Retail Installment Contract, Security Agreement, and Disclosure Statement. A copy of the Iowa Vehicle Retail Installment Contract, Security Agreement, and Disclosure Statement attached hereto as Exhibit "C".

22. The GreenState Credit Union does not have and has not been offered adequate protection for its interest in and to the Property. As of September 2019 the Debtor has failed to make monthly installment payments of $132.05 for September 2019 and thereafter, and accruing interest and costs, is a delinquency which constitutes a default under the terms of the Iowa Vehicle Retail Installment Contract.

23. The Debtor has elected to surrender the vehicle under their Chapter 13 plan. The Debtor has claimed the value of the property is less than the amount due and owing. Without a physical inspection of the vehicle a reasonable estimate valuation using a price guide (NADA) indicates the value of the property to be no more than $3,410.00.  GreenState Credit Union asserts that the Property has a value less than the amount of its claim.

24. The Debtor is in arrears on the payments on the indebtedness that have come due since the date of filing. This post petition delinquency constitutes additional cause for relief from the automatic stay under section 362(d)(1).

25. If GreenState Credit Union is prevented from enforcing its interest in the Property, it will suffer irreparable injury, loss and damage.

26. The Order sustaining this Motion should provide that it is effective immediately upon entry and that the fourteen day stay provided for in Bankruptcy Rule 4001(a)(3) shall not apply.

27. The Order sustaining this Motion shall constitute the abandonment of the Property from the Bankruptcy Estate and Movant shall not be obligated to join the Trustee as a defendant in the foreclosure proceeding, if any.

**NOTICE: Any party opposing this motion must timely file and serve an answer at least seven (7) days prior to the date set for the preliminary hearing on the motion.**

28. Debtor executed an Iowa Vehicle Retail Installment Contract secured by a proper lien upon the title of the vehicle. The Iowa Vehicle Retail Installment Contract is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

WHEREFORE, GreenState Credit Union respectfully requests that upon final hearing on this Motion for Relief from Stay and pursuant to 11 U.S.C. Section 362(d), the stay be modified, and the Property be deemed abandoned, to permit the University of Iowa Community Credit union to enforce its lien and repossess the Property and for such other and further relief as is just and equitable in the circumstances.

Dated: Thursday, October 10, 2019

Respectfully submitted,

/s/ *Christopher E. Pech*
Christopher E. Pech 00006178
GREENSTATE CREDIT UNION
PO Box 800
2355 Landon Rd
North Liberty, IA 52317
christopherpech@greenstate.org
319-248-7164
GENERAL COUNSEL-CONSUMER CREDIT
for GreenState Credit Union

**CERTIFICATE OF SERVICE**

On this **October 10, 2019**, the document to which this Certificate is attached was served upon the parties via the Bankruptcy Court's electronic noticing system.

/s/ *Christopher E Pech.*
Christopher E. Pech

/s/ *Christopher E. Pech*


Copy to:
Samuel Z. Marks: office@markslawdm.com


Carol F. Dunbar: cfdunbar@cfu.net